**United States District Court**<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOS WAYNE STURGIS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>TERRI GONZALEZ, Acting Warden,<br><br>　　　　Respondent. | No. C 11-03667 SBA (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND EXTENDING TIME IN WHICH TO FILE TRAVERSE** |

On May 31, 2012, Petitioner, who is currently out on parole, directed correspondence to the Court. (Docket no. 14.) He requests that an attorney be appointed to represent him in this matter. In particular, he states that he needs assistance in filing a traverse.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and

complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

At this time, the Court is unable to determine whether the appointment of counsel is mandated for Petitioner. Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's request is DENIED. This denial is without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

Although the Court does not find that the appointment of counsel is necessary at this time, it appears that Petitioner wishes to file a traverse, which is presently overdue. The Court hereby GRANTS him an extension of time until **twenty-eight (28) days** from the date of this Order in which to file a traverse.

This Order terminates Docket no. 14.

IT IS SO ORDERED.

Dated: 7/9/12

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\SBA\HC.11\Sturgis3667.Denycounsel&grantsuasuponteeot(traverse).frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LAMOS WAYNE STURGIS,

   Plaintiff,

 v.

PEOPLE OF STATE OF CA et al,

   Defendant.

Case Number: CV11-03667 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 10, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lamos Wayne Sturgis
30 Silver Saddle Ct.
Pittsburg, CA 94565

Dated: July 10, 2012

            Richard W. Wieking, Clerk
            By: Lisa Clark, Deputy Clerk