UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LAMOS WAYNE STURGIS,

              Petitioner,

     v.

JENNIFER SHAFFER, Executive
Director, Board of Parole Hearings,[1]

              Respondent.

Case No:  11-03667 SBA (PR)

**ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS**

## I.    INTRODUCTION

On August 10, 2009, Petitioner Lamos Wayne Sturgis pleaded no contest in the
Contra Costa County Superior Court to taking or driving a vehicle without the consent of
the owner in violation of California Vehicle Code § 10851(a), and to resisting an executive
officer in violation of California Penal Code § 69.  Petitioner admitted to having a prior
strike conviction under California's Three Strikes law and to having served four prior
prison terms.  Pursuant to the terms of the plea bargain, the trial court struck the
punishment for the four prior-prison-term enhancements and dismissed all remaining
counts in the grand jury indictment.  The trial court sentenced Petitioner to a total term of
five years and four months in state prison.  Petitioner was released from prison on May 31,

---

[1] Jennifer Shaffer, the Executive Director of the Board of Parole Hearings, has been
substituted as Respondent.  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.
1996) (where petitioner is on parole, he may name his parole officer "and the official in
charge of the parole or probation agency, or the state correctional agency, as appropriate").

2012 and is currently on parole.  Dkts. 13, 14.

This matter is now before the Court for consideration of Petitioner's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254.[2]  Because Petitioner was incarcerated at the time of filing this action and is still on parole from his 2009 conviction, federal subject matter jurisdiction is not affected by his release from prison.  See Carafas v. LaVellee, 391 U.S. 234, 238 (1968).  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the Petition.

## II.   **BACKGROUND**

### A.   STATEMENT OF FACTS

The following facts related to the underlying offense are taken from the opinion of the California Court of Appeal:

> On December 6, 2007, defendant, driving a stolen vehicle, evaded pursuing police by speeding and running various stop signs.  Defendant eventually slowed down and exited the car, running away on foot.  He failed to completely stop the vehicle and it crashed into another automobile.  Defendant disregarded the several police commands to halt, and he forcibly resisted the officer who ultimately arrested him.

Answer, Ex. 10 at 2 (People v. Sturgis, 2010 WL 3508617, *2 (Cal. Ct. App. Sept. 9, 2010).

The Count notes that unrelated misdemeanor charges were later filed against Petitioner, arising out of an event that occurred while he was in custody awaiting trial on the aforementioned felony charges.  The same trial judge (the Honorable Leslie Landau) and prosecutor (Theresa McLaughlin, Esq.) handled both matters.

---

[2] Petitioner has filed prior federal actions in this Court relating to the instant action, including: (1) a federal habeas petition raising vindictive prosecution and speedy trial claims, which has been denied, see Case No. C 08-4672 SBA (PR); and (2) a civil rights complaint raising a claim of excessive force at arrest, which is still pending before the undersigned Judge, see Case No. C 08-5363 SBA (PR).

United States District Court
Northern District of California

## B.   CASE HISTORY

### 1.   Faretta[3] Motion

The trial court appointed attorney David Goldstein from the Contra Costa County Office of the Public Defender to represent Petitioner in his felony case.  Answer, Ex. 1, Clerk's Transcript ("CT") at 103.  Petitioner filed a Faretta motion (to relieve counsel and represent himself pro se), which the court granted on July 18, 2008.  CT 109.  Petitioner then represented himself until December 16, 2008, at which time the trial court re-appointed Attorney Goldstein as his counsel of record.  CT 228.  Meanwhile, Petitioner represented himself for a brief time in his misdemeanor case.  Answer, Ex. 3 (Reporter's Transcript ("RT") 5/28/09 re Faretta Hearing) at 424.  However, the trial court later revoked Petitioner's pro per status in his misdemeanor action, and referred the case to the public defender's office.  RT 425.

Petitioner filed another Faretta motion relating to both cases.  RT 423.  The trial court denied his Faretta motion, stating as follows:

> I do not revoke Faretta rights lightly and I don't deny them lightly.  ¶  I'm well aware of a defendant's right to represent him or herself.  And I have tried very hard to respect that right for Mr. Sturgis.  ¶  However, the right to represent one's self does not include the right to shout in court, to use profanity in court, to call the Court names, to interrupt and disrupt, and to have–attempt to have ex-parte communications with the Court, even when represented by counsel, all of which Mr. Sturgis has done repeatedly in this case.

RT 429-430.  The trial judge explained that her ruling was based on People v. Carson, 35 Cal. 4th 1 (2005), which held that "a court can revoke or terminate a defendant's right of self-representation for serious and obstructionist misconduct."  RT 430.  Thereafter, Attorney Goldstein continued to represent Petitioner for the remainder of the proceedings in his felony case, and accepted the referral to represent him in his misdemeanor case.  RT

---

[3] In Faretta, the Supreme Court held "a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so."  Faretta v. California, 422 U.S. 806, 806 (1975).

433, 438.

### 2.   Psychological Evaluation

After filing the aforementioned <u>Faretta</u> motion and prior to entering his no contest plea, Petitioner instructed Attorney Goldstein to request a psychological evaluation.  RT 449-452.  Attorney Goldstein declined to do so, and explained his reasoning on the record during a hearing on June 19, 2009 as follows:  "[I]n a [California Penal Code §] 1368[4] sense, [Petitioner is] clearly competent and I do not have a good-faith belief that triggers my obligation to request of the court to appoint a doctor for a psych eval."  RT 449. During the hearing, Petitioner personally requested that the trial court order a psychological evaluation.  RT 452.  He claimed that such an evaluation was necessary because he was not feeling well, was having seizures from a head injury, was prescribed Risperdal (an antipsychotic drug) by a psychological evaluator, and was "not stable."  RT 451-452.  The trial court denied Petitioner's request, stating that:

> I have had extensive discussions and experience with Mr. Sturgis.  I do not believe that there's any ground for concern that he is incompetent at this time, and so, although I have a sua sponte duty to appoint a doctor and suspend criminal proceedings if I have a good-faith belief or concern with respect to Mr. Sturgis, and I further find that this is tactical on Mr. Sturgis's behalf and not a genuine statement of lack of understanding . . . .  ¶  I think given my experience with Mr. Sturgis and given his counsel's own failure to declare that, and lack of any doubt–I think that's inappropriate.  I think it's not necessary and I am not going to do it.  So I am going to deny the request to appoint a doctor.

RT 452-453.

### 3.   Petitioner's Actions Prior to Entering No Contest Plea

Trial was scheduled to begin on August 6, 2009.  Answer, Ex. 10 at 3.  Jurors were summoned for the trial.  <u>Id.</u>

On August 6, 2009, the trial court held a hearing to address Petitioner's motion to

---

[4] California Penal Code § 1368 and related sections of the Penal Code create a process for determining whether a defendant is competent to stand trial through competency hearings before the trial court.

United States District Court
Northern District of California

substitute counsel pursuant to <u>People v. Marsden</u>, 2 Cal. 3d 118 (1970), during which it denied the motion.[5]  RT 691.  The record shows that while the trial judge was explaining her reasons for denying the <u>Marsden</u> motion, Petitioner shouted obscenities at her and made several inappropriate comments, including anti-Semetic epithets directed at Attorney Goldstein.  RT 697, 705.  The Court decided to continue proceedings outside of Petitioner's presence by swearing in the jurors and directing them to return the following Monday, August 10, 2009.  RT 706, 707.  However, Attorney Goldstein later made a motion to discharge the jury after pointing out the potential jurors must have overheard Petitioner screaming more racial epithets towards him from the holding cell "next door."[6]  RT 752.  The trial judge deferred ruling on that motion until August 10, 2009 because she wanted to "give [it] some serious consideration."  RT 765.

On August 7, 2009, the trial court handled certain matters outside the presence of the jury, including providing further reasons for her denial of Petitioner's <u>Marsden</u> motion.  RT 703-719.  After a break in proceedings, while Petitioner was being escorted from the courtroom, he "spit three times on the folder belonging to Mr. Goldstein."  RT 748.  The sheriff's deputy who was in charge of the escort "put [Petitioner] to the ground," and Petitioner requested medical assistance.  RT 748.  In light of Petitioner's need for medical assistance, the trial court concluded all proceedings for the day.  RT 749.

On August 10, 2009, as noted above, Petitioner pleaded no contest.[7]  RT 789.  Prior

---

[5] The transcripts of the <u>Marsden</u> motion hearing and the trial court's ruling are not included in the record because they were ordered sealed.  RT 543, 719.

[6] The record shows that Petitioner allegedly screamed, "[B]itch ass Jew, you better watch yourself on your way home from work."  RT 752.

[7] The record shows that Attorney Goldstein informed the trial judge that Petitioner had consulted a private attorney, Peter Pappas, Esq., about the plea offer.  RT 772.  Apparently, during the weekend prior to August 10, 2009, Attorney Pappas had actively participated in securing the original plea offer (five years, four months in state prison), and he had advised Petitioner to accept this offer.  RT 773-774.  However, in the instant Petition, Petitioner does not acknowledge that he received any assistance or advice from Attorney Pappas; therefore, the Court need not discuss Attorney Pappas's involvement in this action.

to accepting the plea, the trial judge reviewed with Petitioner an "Advisement of Rights, Waiver and Plea Form," which is part of the record provided to the Court.  CT 453-456. The plea form was executed by Petitioner, Attorney Goldstein, and the trial court.  CT 456. The "Voluntariness of Plea" section of the plea form indicated that its terms could be supplemented by statements made on the record at the plea hearing, stating: "Except for what is promised to me in open court ON THE RECORD I have not been promised or offered anything by anyone (including my attorney) that causes me to enter a guilty/no contest plea."  CT 455.  The plea form included a reference to Petitioner's maximum prison term as eleven years, four months, and stated that his sentence to state prison was five years, four months.  CT 454.

The trial judge asked Petitioner if he had reviewed the plea form and understood the rights and consequences of his plea.  To that end, she engaged Petitioner in the following plea colloquy:

> THE COURT:  Okay, I have looked over the plea form that lists a number of numbered paragraphs one through 34, the rights that you have in connection with this case.  And it appears to have your initials next to each one.  Is that your initial[] that looks like an S?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  And did you have a chance to read each of those rights and understand them?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  And I assume, I ask everybody this just for the record, that you read and understand the English language?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Have you had enough time to discuss this with Mr. Goldstein today?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  And is this your signature on the last page where we asked to you add your first name to the last name?
>
> THE DEFENDANT:  Right.

THE COURT:  And that's your signature, I assume, Mr. Goldstein?

MR. GOLDSTEIN:  Yes.

THE COURT:  Now, the defense has already indicated they are prepared to stipulate to a factual basis for the plea.  I have heard enough in the pretrial discussions to satisfy myself that there is a factual basis for the plea.  ¶  So I am prepared to accept the stipulation.  ¶  I assume the People join the stipulation?

MS. MCLAUGHLIN:  Yes, your Honor.

THE COURT:  And, Mr. Sturgis, we talked here today what the plea agreement is and all of the conditions and promises that were made as part of the plea agreement.  You heard what Mr. Goldstein and Ms. McLaughlin said?

THE DEFENDANT:  Yes

THE COURT:  Okay.  Were there–is there anything that wasn't said as far as you're concerned about the promises that were made to you?  In other words, is that all of the terms of the agreement that were put on the record here today?

THE DEFENDANT:  None I can think of.

THE COURT:  Okay.  It is important that I understand that you are doing this by your choice and I understand that it's a difficult choice between some unpleasant alternatives, but given all of the alternatives that you are facing, do I correctly understand this is what you want to do?

THE DEFENDANT:  Yes.

THE COURT:  And has anyone threatened you with any physical violence or any other inappropriate conduct to make you plead guilty?

THE DEFENDANT:  No.

THE COURT:  And are you doing so because you have made the choice that it's in your best interest to do so?

THE DEFENDANT:  Correct.

RT 783-785.

### 4.     Appeals and <u>Wende</u> Brief

Following his conviction, Petitioner filed a timely notice of appeal on August 19,

United States District Court
Northern District of California

2009.  Answer, Ex. 10 at 3.  On April 19, 2010, his appellate counsel, Richard Such, Esq., filed an opening brief, challenging the sentencing judge's denial of an additional 307 days conduct credits pursuant to California Penal Code § 4019.  Answer, Ex. 5 at 2.  The prosecutor conceded that Petitioner was entitled to such credits.  Answer, Ex. 10 at 3.  On May 3, 2010, the trial court issued an amended abstract of judgment, awarding the 307 days of conduct credits.  Id.

Subsequently, Attorney Such filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979), declaring that there were no issues for appeal and requesting an independent review of the record.  Answer, Ex. 9 at 2.  Under Wende, an appellate counsel, upon concluding that an appeal would be frivolous, files a brief with the appellate court that summarizes the procedural and factual history of the case.  See Smith v. Robbins, 528 U.S. 259, 265 (2000).  Counsel also attests that he has reviewed the record, explained his evaluation of the case to his client, provided the client with a copy of the brief, and informed the client of his right to file a pro se supplemental brief.  Id.  Counsel further requests that the state appellate court independently examine the record for arguable issues.  Id.  Counsel following Wende neither explicitly states that his review has led him to conclude that an appeal would be frivolous (although that is considered implicit, see Wende, 25 Cal. 3d at 441-442), nor requests leave to withdraw.  Instead, counsel is silent on the merits of the case and expresses his availability to brief any issues on which the court might desire briefing.  See generally id., at 438, 441-442.

The state appellate court, upon receiving a Wende brief, conducts a review of the entire record (regardless of whether a pro se supplemental brief is filed) and affirms if it finds the appeal to be frivolous.  Smith, 528 U.S. at 265.  If, however, it finds an arguable (i.e., nonfrivolous) issue, it orders briefing on that issue.  See id. at 266.  The state appellate court must issue a written decision in a Wende appeal, and must address any claims made by the defendant if he has filed a pro se supplemental brief to appellate counsel's Wende brief.  See People v. Kelly, 40 Cal. 4th 106, 113 (2006).  "[I]n affirming the judgment rendered in a Wende appeal, the Court of Appeal must prepare a written

8

1    opinion that describes the contentions personally raised by the defendant and the reasons

2    those contentions fail." Id.

3           After filing his Wende brief, Attorney Such notified Petitioner of his right to

4    separately file a pro se supplemental brief.   Answer, Ex. 9 at 10.  Petitioner requested

5    additional counsel to assist him in preparing his supplemental brief, as well as additional

6    time to file such a brief.  Dkt. 2 at 4.  The state appellate court denied Petitioner's request

7    to appoint additional counsel to assist him, but allowed Petitioner additional time to file a

8    pro se supplemental brief.  Answer, Ex. 10 at 2.  Petitioner did not file such a brief.  Id.

9           On September 9, 2010, the state appellate court conducted an independent review of

10   the record and affirmed the judgment, stating:

> This court has reviewed the several transcripts in this case.
> The court finds that defendant was properly admonished at the
> time he entered his no contest plea.  The court's admonition
> fully complied with Boykin v. Alabama (1969) 395 U.S. 238
> and In re Tahl (1969) 1 Cal. 3d 122.  Defendant answered each
> question presented by the trial judge directly and without any
> difficulty.  There is no suggestion defendant was behaving
> without his full faculties.  He made no request for additional
> time due to medical needs.   He acknowledged the plea was
> voluntary and knowing, and advised the court he was not
> forced to enter the plea.  His attorney agreed the plea was free
> and voluntary, and his attorney had represented defendant in at
> least one other case two years before this prosecution.
>
> This court found no basis for setting aside this no contest plea
> after a review of the record on appeal.  The issuance by the
> trial court of a certificate of probable cause pursuant to Penal
> Code section 1237.5 does not expand the grounds on which an
> appeal may be taken.  (People v. DeVaughn (1977) 18 Cal. 3d
> 889, 895.)  There were no errors in the sentencing that took
> place that were not corrected by the trial court when later
> requested by appellate counsel.  Defendant was properly
> represented by competent counsel at all stages of the case.
> Defendant acknowledged a factual basis for the no contest

United States District Court
Northern District of California

9

plea.  His no contest plea comported with <u>Boykin-Tahl</u>[8] requirements.

Answer, Ex. 10 at 3-4 (footnote added).

Petitioner then filed a petition for review in the California Supreme Court, which was denied on January 12, 2011.  Answer, Ex. 12.

On July 27, 2011, Petitioner filed the instant Petition.  Dkt. 1.  He alleges numerous claims that are identical to those raised in his petition for review, which was filed as an exhibit in support of the instant Petition.  Dkt. 2.[9]  First, Petitioner raises various pre-plea constitutional violations *not relating* to his decision to plead no contest, including: (1) a due process violation claiming that he was never advised of his rights when he was placed under arrest, and that he was never fingerprinted or photographed; (2) an ineffective assistance of counsel ("IAC") claim relating to Attorney Goldstein's alleged failure to investigate and pursue certain defenses; and (3) a Sixth Amendment violation on the ground that the trial court denied Petitioner's <u>Marsden</u> motion predicated upon Attorney Goldstein's alleged failure to investigate and pursue certain defenses.[10]

Second, Petitioner raises pre-plea constitutional violations *relating* to his decision to plead no contest, including: (1) a claim that his Sixth Amendment right to counsel was violated because the trial court denied his <u>Faretta</u> motion; (2) a Fourteenth Amendment

---

[8]  In <u>Boykin v. Alabama</u>, the United States Supreme Court held that a court may not accept a guilty plea until it determines that the defendant is aware of the constitutional rights waived by pleading guilty–namely, the privilege against compulsory self-incrimination, the right to a trial by jury and the right to confront his accusers–and that the defendant has knowingly and voluntarily waived those rights.  <u>See</u> 395 U.S. 238, 243-44 (1969).  "In <u>In re Tahl</u> (1969) 1 Cal. 3d 122, the California Supreme Court further stated: '[T]he record must contain *on its face* direct evidence that the accused was aware, or made aware, of his right to confrontation, to jury trial, and against self-incrimination, as well as the nature of the charge and the consequences of the plea.  Each must be enumerated and responses elicited from the person of the defendant.' (<u>Id.</u>, at p. 132, italics in original.)" <u>People v. Harty</u>, 173 Cal. App. 3d 493, 501 (1985).

[9]  The Court addresses Petitioner's claims in a different order than raised in his Petition.  Dkt. 2 at 5-11.

[10]  In his Petition, Petitioner only references the <u>Marsden</u> motion during which he challenged Attorney Goldstein's alleged failure to "properly Investigate and pursue Avenue of defense."  Dkt. 2 at 7.  However, the record indicates that Petitioner had made several other <u>Marsden</u> motions, which were all denied.

United States District Court
Northern District of California

violation because the trial court refused to grant his motion for a psychological evaluation; and (3) additional IAC claims because his defense attorney:  (a) refused to request a psychological evaluation for him, and (b) negotiated a plea for Petitioner and coerced him into taking that plea.  Finally, Petitioner raises *post-plea* constitutional violations that his Sixth Amendment right to counsel was violated because the state appellate court: (1) reviewed his appeal under the <u>Wende</u> procedure; and (2) denied his requests for additional time to file a supplemental brief and for the appointment of additional counsel to assist him in doing so.

On September 16, 2011, the Court issued an order to show cause.  Dkt. 6. Respondent filed an answer.  Dkt. 10.  Petitioner filed a motion for appointment of counsel to assist him in filing a traverse.  Dkt. 14.  On July 10, 2012, the Court denied the motion; however, it granted Petitioner an additional twenty-eight days to file his traverse, as it was already overdue.  Dkt. 15.  To date, Petitioner has not filed a traverse, and the deadline for doing so has long passed.

## III.   <u>LEGAL STANDARD</u>

Under Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

Typically, on federal habeas review, the district court reviews the decision of the highest state court to address the merits of the Petitioner's claim in a reasoned decision. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-804 (1991).  As mentioned above, the state appellate court affirmed the judgment upon finding no arguable issues that would result in reversal or modification of the judgment.  Answer, Ex. 10 at 4.  The claims in the instant Petition were presented on direct review to the California Supreme Court, which summarily denied relief.  Answer, Exs. 11, 12.

United States District Court
Northern District of California

Although not raised by Respondent, the Court notes, as a threshold matter, that Petitioner has not exhausted his claims, which were not properly presented to the state court for review.  See Granberry v. Greer, 481 U.S. 129, 133 (1987) (holding that a court may sua sponte consider a habeas petitioner's failure to exhaust state remedies despite a State's failure to raise the defense).  Specifically, no claims of error were addressed by the state appellate court because, as explained above, Petitioner's appellate counsel filed a Wende brief, raising no issues for appeal.  Moreover, Petitioner did not file a pro se supplemental brief.  As mentioned above, Petitioner raised the claims in the instant Petition for the first time in his petition for review to the California Supreme Court.[11] Answer, Ex. 11.  However, a petition for review to the California Supreme Court is a discretionary appeal.  This means that the claims were presented in a procedural context in which the merits were not considered.  See Castille v. Peoples, 489 U.S. 346 (1989); Casey v. Monroe, 386 F.3d 896, 916-18 (9th Cir. 2004).  Therefore, Petitioner did not fairly present these claims to the state court.

Notwithstanding the exhaustion requirement, the Court has the authority to proceed because it denies Petitioner's claims on the merits below.  See 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable").  Because it will be clear below that Petitioner fails to raise a colorable federal claim, the Court exercises its discretion to address and reject his claims on the merits.  See id.  Accordingly, out of an abundance of caution and to ensure that no colorable federal claims have been raised, the Court reviews the unexhausted claims de novo.  See Harrington v. Richter, — U.S. —, 131 S. Ct. 770, 784-85 (2011) (De novo

---

[11] Petitioner did not pursue any state collateral petitions, i.e., a state habeas petition, raising any of the claims in his Petition.

review is appropriate in these rare circumstances because "the basic structure of federal habeas jurisdiction" is "designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions."); Cone v. Bell, 556 U.S. 449, 472 (2009) (If a federal court concludes that no state courts have adjudicated a federal claim on the merits, then it must review the claim de novo.); Pirtle v. Morgan, 313 F.3d 1160, 1167-68 (9th Cir. 2002) (holding that de novo standard of review rather than the deferential standard of § 2254(d) applies where state courts never reached merits of habeas claim).

Upon de novo review, a federal habeas court reviewing a state court ruling ordinarily applies a harmless error standard, examining whether the error "had substantial and injurious effect or influence." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).

## IV.   CLAIMS

### A.   PRE-PLEA CONSTITUTIONAL VIOLATIONS NOT RELATING TO DECISION TO PLEAD NO CONTEST

Petitioner claims his due process rights were violated because he was never advised of his rights when he was placed under arrest, and he was never fingerprinted or photographed. Dkt. 2 at 10. Petitioner also contends that he received ineffective assistance from Attorney Goldstein prior to the entry of his plea. Id. at 6-8. Specifically, Petitioner alleges that Attorney Goldstein failed to investigate and pursue certain defenses. Finally, Petitioner claims that his Sixth Amendment rights were violated because the trial court denied his motions for substitute counsel under Marsden.[12] Id.

#### 1.   Applicable Federal Law

A defendant who pleads guilty cannot later raise in habeas corpus proceedings

---

[12] To the extent Petitioner is arguing the denial of his Marsden motions resulted in his receiving IAC, in violation of his Sixth Amendment right to counsel, any such claim fails. See Schell v. Witek, 218 F.3d 1017, 1024-25 (9th Cir. 2000) (en banc) (holding where trial court denied motion to substitute counsel, ultimate inquiry in federal habeas proceeding is whether petitioner's Sixth Amendment right to counsel was violated). A criminal defendant has a constitutional right to appointed counsel but not to any particular attorney. Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir. 1990). Nothing in the record indicates that the disagreements between Petitioner and his defense counsel prevented counsel from rendering effective assistance, as further explained below.

United States District Court
Northern District of California

independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty.  See Haring v. Prosise, 462 U.S. 306, 319-20 (1983).  Rather, the only challenges cognizable by way of a federal habeas corpus petition after a guilty plea has been entered are challenges to the voluntary and intelligent character of the plea and the nature of the advice rendered by counsel.  Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973).

### 2.   Analysis

Under California law, a plea of no contest in a felony case is the equivalent of a plea of guilty "for all purposes."  Cal. Penal Code § 1016.[13]  Thus, where a habeas petitioner enters a plea of guilty or no contest, a federal court will only consider challenges to the voluntary and intelligent character of his no contest plea and the nature of the advice rendered by defense counsel to plead.  See Hill, 474 U.S. at 56-57; Tollett, 411 U.S. at 267.

Petitioner raises claims that do *not* pertain to the decision to plead no contest; to wit, that: (1) he was never advised of his rights when he was placed under arrest, and he was never fingerprinted or photographed; (2) Attorney Goldstein failed to investigate and pursue certain defenses; and (3) the trial court denied Petitioner's motions for substitute counsel under Marsden.  Because these claims do not bear upon the voluntary and intelligent character of Petitioner's no contest plea or the nature of the advice of defense counsel to enter such a plea, they are not properly before the Court.  See Haring, 462 U.S. at 319-20 (guilty plea forecloses consideration of pre-plea constitutional deprivations); cf. Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation).

---

[13] "[A] plea of nolo contendere shall be considered the same as a plea of guilty and . . . upon a plea of nolo contendere, the court shall find the defendant guilty.  The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes."  Cal. Penal Code § 1016.

United States District Court
Northern District of California

Below, the Court discusses Petitioner's remaining claims; to wit, that the trial court erred in denying his <u>Faretta</u> motion; and that Attorney Goldstein failed to request a psychological evaluation and coerced Petitioner to plead no contest.  It is appropriate to examine such pre-plea conduct since it potentially could have affected Petitioner's decision to plead no contest.  <u>Id.</u>

## B. PRE-PLEA CONSTITUTIONAL VIOLATIONS RELATING TO DECISION TO PLEAD NO CONTEST

### 1. Self-Representation Claim

Petitioner argues that his Sixth Amendment right to counsel was violated because the trial court denied his request to represent himself under <u>Faretta</u>.  Dkt. 2 at 10.

#### a)   Applicable Federal Law

<u>Faretta</u> holds that a criminal defendant has a Sixth Amendment right to self-representation.  <u>See</u> 422 U.S. at 832.  That right, however, is not absolute.  <u>See id.</u> at 835.  A trial court may properly refuse to permit a criminal defendant to represent himself when he is "not 'able and willing to abide by rules of procedure and courtroom protocol.'"  <u>Savage v. Estelle</u>, 924 F.2d 1459, 1463 (9th Cir. 1991) (quoting <u>McKaskle v. Wiggins</u>, 465 U.S. 168, 172 (1984)).  "[A] trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."  <u>Faretta</u>, 422 U.S. at 834 n.46 (citation omitted).  "The right of self-representation is not a license to abuse the dignity of the courtroom."  <u>Id.</u>

#### b)   Analysis

Petitioner's claim fails on multiple levels.

First, any attempt by Petitioner to raise a claim that the trial judge erroneously applied <u>People v. Carson</u> cannot be considered in his federal habeas petition because it is a state law issue.  A claim that the trial judge erroneously applied California law is not remediable in a federal habeas petition.  <u>See Swarthout v. Cooke</u>, – U.S. –, –, 131 S. Ct. 859, 861-62 (2011) (State law claims are not remediable on federal habeas review, even if state law was erroneously interpreted or applied.).

United States District Court
Northern District of California

Second, the trial court's failure to allow Petitioner to represent himself was reasonable in light of his obstructionist conduct and inability to comport himself consistent with courtroom protocol. RT 429-430. Petitioner engaged in repeated outbursts in the courtroom which included shouting, swearing, making threats, and spitting. RT 430-432. Moreover, he constantly interrupted the trial judge and refused to accept her rulings. RT 430. The trial judge explained on the record that Petitioner's repeated misconduct in the courtroom justified her denial of his <u>Faretta</u> motion, specifically noting:

> There is no right under <u>Faretta</u> to take over the courtroom with shouting, and interruptions, and swearing. I'm aware of no case that says that. And I think it would be a travesty and make it impossible for a trial court to justly and fairly adjudicate a case with a defendant who cannot control himself the way that Mr. Sturgis demonstrated to me repeatedly that he cannot.

RT 432. Because the record shows that Petitioner was unwilling to observe the rules of the courtroom, the trial court's refusal to allow him to represent himself was reasonable. <u>See</u> <u>Savage</u>, 924 F.2d at 1463.

Accordingly, Petitioner's <u>Faretta</u> claim has no merit, and he is not entitled to habeas relief on this claim.

### 2. Due Process Claim

Petitioner contends that his Fourteenth Amendment rights were violated because the trial court refused to grant his request for a psychological evaluation. Dkt. 2 at 6, 8-9.

#### *a)* *Applicable Federal Law*

A criminal defendant may not be tried unless he is competent and he may not plead guilty unless he does so competently and intelligently. <u>Godinez v. Moran</u>, 509 U.S. 389, 396 (1993). The conviction of a defendant while legally incompetent violates due process. <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 510 (9th Cir. 1994). A claim that a defendant was actually incompetent to stand trial is a "substantive incompetence claim." <u>Davis v.</u> <u>Woodford</u>, 384 F.3d 628, 644 (9th Cir. 2004); <u>see also</u> <u>Williams v. Woodford</u>, 384 F.3d 567, 607-610 (9th Cir. 2004) (in capital habeas case, affording significant weight to

defense counsel's firm belief that defendant was competent and, in the absence of "persuasive" evidence to the contrary, concluding that defendant did not establish a violation of his right not to be tried and convicted while incompetent).

Due process requires a trial court to order a psychological evaluation or conduct a competency hearing sua sponte if the court has a good faith doubt concerning the defendant's competence.  Pate v. Robinson, 383 U.S. 375, 385 (1966); United States v. Dreyer, 705 F.3d 951, 967 (9th Cir. 2013); Cacoperdo, 37 F.3d at 510.  A good faith doubt about a defendant's competence arises if "'a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial.'"  Maxwell v. Roe, 606 F.3d 561, 568 (9th Cir. 2010) (quoting Kaplany v. Enomoto, 540 F.2d 975, 983 (9th Cir. 1976) (en banc)).  Due process does not require a trial court to conduct a psychological evaluation unless there is substantial evidence of incompetence.  See Cacoperdo, 37 F.3d at 510.

Several factors are relevant to determining whether such an evaluation is necessary, including evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial.  Drope v. Missouri, 420 U.S. 162, 180 (1975).  However, a defendant's disagreement with his attorneys and unwillingness to control his temper in the courtroom are insufficient to create bona fide doubt as to defendant's competence.  United States v. White, 670 F.3d 1077, 1084-85 (9th Cir. 2012).

### *b)* *Analysis*

The trial judge's denial of Petitioner's request for a psychological evaluation was reasonable because a judge in her situation would not have had a good faith doubt about Petitioner's competency.  Petitioner's conclusory claim that he was mentally incompetent at the time of his plea is unavailing.  The trial judge stated that Petitioner was a "very bright" and "sane man" and explained that she believed this request was a tactical strategy, as opposed to a genuine lack of understanding.  RT 452, 454.  In addition, Petitioner had represented himself and made several pro se motions before his Faretta rights were

17

revoked for his courtroom misconduct.  RT 756.  Therefore, the Court finds that the trial court did not violate Petitioner's right to due process in denying his request for a psychological evaluation.  See Cacoperdo, 37 F.3d at 510 (denial of motion for psychological evaluation did not render trial fundamentally unfair where petitioner made single conclusory allegation he suffered from mental illness).  Accordingly, Petitioner's due process claim has no merit, and he is not entitled to relief on this claim.

### 3. IAC

Petitioner contends that he received ineffective assistance from Attorney Goldstein prior to the entry of his plea.  Dkt. 2 at 6-8.  Specifically, Petitioner asserts that Attorney Goldstein refused to request a psychological evaluation for him.  Id. at 8.  Petitioner also claims Attorney Goldstein negotiated a plea bargain and coerced Petitioner to plead no contest even though he was mentally incompetent.  Id. at 6.

#### a) Applicable Federal Law

A claim for ineffective assistance of counsel under the Sixth Amendment is reviewed under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Under the first prong, the defendant must show "that counsel's representation fell below an objective standard of reasonableness."  Id. at 688.  Because of the difficulties inherent in fairly evaluating counsel's performance, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687.

To satisfy the second prong under Strickland, petitioner must establish that he was prejudiced by counsel's substandard performance.  See Gonzalez v. Knowles, 515 F.3d 1006, 1014 (9th Cir. 2008) (citing Strickland, 466 U.S. at 694).  Under Strickland, "[o]ne is prejudiced if there is a reasonable probability that but-for counsel's objectively unreasonable performance, the outcome of the proceeding would have been different."  Id. Judicial scrutiny of counsel's performance is "highly deferential."  Strickland, 466 U.S. at

689. A claim for ineffective assistance of counsel fails if either one of the prongs is not satisfied.  See id. at 697.

### b)   Analysis

#### i)   Failure to Request Psychological Evaluation

Attorney Goldstein explained on the record his reasons for not requesting a psychological evaluation despite Petitioner's request for one.  RT 449.  Specifically, Attorney Goldstein stated that he lacked a good faith basis for requesting such an evaluation.  RT 451.  As mentioned above, the trial judge denied Petitioner's independent request for a psychological evaluation, despite his contention that he did not understand what was taking place in his felony case proceedings.  RT 452.  In essence, the trial judge concurred with Attorney Goldstein in finding that there was not a good faith basis for a psychological evaluation.  Petitioner has made no showing that the trial court's assessment was erroneous or constitutionally deficient.  Because there was no due process violation by the trial court in denying Petitioner's request for a psychological evaluation, the Court likewise finds that it is neither unreasonable nor deficient performance for Attorney Goldstein to refuse to request such an evaluation.  Therefore, the Court finds that Petitioner has not established incompetence under the first prong of Strickland.

Because Petitioner has not established incompetence through Attorney Goldstein's refusal to request a psychological evaluation, it is unnecessary for the Court to address the prejudice prong under Strickland.  See Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998).  Accordingly, Petitioner is not entitled to habeas relief on this ground.

#### ii)   Coercion

A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases.  Hill, 474 U.S. at 56.  Due process requires that a guilty plea be both knowing and voluntary.  See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).  A plea is "involuntary" if it is the product of threats, improper promises, or other forms of wrongful

coercion. <u>Brady v. United States</u>, 397 U.S. 742, 754-55 (1970). A plea induced by promises or threats which deprive it of the character of a voluntary act is void. <u>See</u> <u>Machibroda v. United States</u>, 368 U.S. 487, 493 (1962). Although coercion by a defendant's attorney or other third party is unacceptable, "[m]ere advice or strong urging by third parties to plead guilty based on the strength of the state's case does not constitute undue coercion." <u>Iaea v. Sunn</u>, 800 F.2d 861, 866-68 (9th Cir. 1986).

Petitioner contends that he was mentally incompetent at the time he accepted the plea because he was "unable to understand the nature of criminal proceedings or to assist [Attorney Goldstein] in the conduct of a defense in a rational manner." Dkt. 2 at 6. Petitioner relies on California Penal Code § 1367(a), which states that "a person cannot be tried or adjudged to punishment while that person is mentally incompetent." <u>Id.</u> Petitioner claims that Attorney Goldstein was ineffective for not only refusing to request a psychological evaluation but also for "negotiating a plea agreement and *coercing* [Petitioner] to sign [it]." <u>Id.</u> (emphasis added). Though not entirely clear, it appears that Petitioner is arguing that had he not been coerced by Attorney Goldstein to take the plea and had his request for a psychological evaluation been granted, he would have been found to be mentally incompetent. <u>Id.</u>

As an initial matter, Petitioner's claim of coercion directly contradicts his sworn representations to the trial court. At the hearing on August 10, 2009, Petitioner stated under oath that his decision to enter a plea was not coerced. When asked whether he had been *threatened* with any physical violence or any other inappropriate conduct to persuade him to enter a no contest plea, Petitioner answered in the negative. RT 785. Moreover, Petitioner understood the rights and consequences of his plea because he initialed and signed the plea form. CT 453-456. The plea form indicated that his decision to enter a plea was the result of sufficient discussions with Attorney Goldstein regarding the nature, elements of, defenses to, and consequences of pleading no contest to the charges. CT 453. Importantly, Petitioner further stated he was entering the plea voluntarily and initialed the section on the plea form which stated that "no threat has been made against [him] or

1   anyone else close to him that cause[d] [him] to enter a guilty/no contest plea." RT 783; CT

2   455.

3          Finally, contrary to his claim of mental incompetence, Petitioner initialed the

4   section on the plea form that stated that his mental abilities were *not* impaired and that he

5   was "fully able to understand these proceedings." CT 455 (emphasis added). Such

6   assertions at a plea hearing carry significant weight and carry a presumption of verity. See

7   Jones v. Gomez, 66 F.3d 199, 204-205 (9th Cir. 1995). Petitioner's unsupported and

8   conclusory statement that he was "coerced" into pleading no contest is insufficient to

9   overcome the presumption of verity established by his previous statements under oath. See

10  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("The subsequent presentation of

11  conclusory allegations unsupported by specifics is subject to summary dismissal, as are

12  contentions that in the face of the record are wholly incredible."); Jones, 66 F.3d at 204-

13  205 (conclusory allegations "without reference to the record or any document" are

14  insufficient to support a claim for habeas relief) (alteration and internal quotation marks

15  omitted)); Hooker v. Spearman, No. C 11-1652 SBA, 2014 WL 3530970, *8 (N.D. Cal.

16  July 16, 2014) (finding that petitioner's claim of coercion was undermined by his in-court

17  representations that his plea was knowing and voluntary).

18         The above notwithstanding, the record firmly supports the conclusion that

19  Petitioner's plea was made knowingly and voluntarily. The trial court's inquiries during

20  the plea colloquy were thorough, and there is no evidence to suggest that the plea was

21  involuntary or unintelligent. The trial court carefully reviewed the plea form with

22  Petitioner to ensure that he understood the import of its contents and that he had signed it

23  voluntarily. RT 783. The trial court considered Petitioner's responses during the plea

24  colloquy before allowing him to plead no contest, thus indicating that it had made a

25  determination that the plea was knowing and voluntary. RT 783-785. The record confirms

26  that Petitioner had no difficulty expressing himself to the trial court, and as explained

27  above, there is no evidence of coercion. Indeed, Petitioner stated that he was not being

28  threatened and was entering the plea because he felt it was in his best interest. RT 785.

United States District Court
Northern District of California

21

United States District Court
Northern District of California

1    Finally, a review of the totality of the circumstances surrounding Petitioner's plea

2    offer demonstrates that it was voluntary.  The plea form stated that Petitioner's maximum

3    possible sentence was eleven years and four months, taking into account the offenses and

4    enhancements to which he eventually pleaded no contest.  CT 454.  Petitioner's plea

5    agreement included a lesser term of five years and four months, and, as a condition of

6    taking the plea, the trial court dismissed the remaining charges originally filed against him

7    and struck the four prior prison-term enhancements.  CT 454; Answer, Ex. 5 at 3.  Clearly,

8    Attorney Goldstein obtained an advantageous plea agreement for the Petitioner.

9    There no evidence of coercion.  Petitioner accepted the plea after speaking with

10   both his father and his brother and having extensive discussions with his defense

11   attorney.[14]  RT 775, 783.  Notably, there were multiple opportunities for Petitioner to

12   express concern or ask questions about the plea or to express feelings of coercion.

13   However, no such questions were asked nor did he complain about being pressured or

14   coerced.  To the contrary, the trial court was well within it province to rely on Petitioner's

15   statements that he was not coerced.  It is not the province of this Court to reassess

16   credibility or reweigh the evidence.  Cavazos v. Smith, – U.S. –, –, 132 S. Ct. 2, 4 (2011)

17   (per curiam).

18   Finally, Petitioner argues that Attorney Goldstein coerced him into taking the plea,

19   merely stating: "[Defense counsel] Failed to Adhere to Established Criminal Procedures

20   and Rules of Court by negotiating a plea agreement and coercing Appellant to sign."  Dkt.

21   2 at 6.  Petitioner fails to cite any facts to support this conclusory assertion.  He also

22   misconstrues the requisite showing for a coercion claim.  Coercion focuses, in part, on "the

23   constitutional acceptability of the external forces inducing the guilty plea."  See Iaea, 800

24   F.2d at 866.  No such external forces have been alleged or shown.  Indeed, Attorney

25   Goldstein cannot be accused of wrongful coercion where, as here, there is no dispute that

26

27   _____

28   [14] As mentioned above, the record shows that Petitioner also consulted with a
private attorney, who advised him to take the plea.  RT 772-774.

the prosecution's case was strong and that Petitioner would be best served by pleading no contest. The Court finds that Petitioner has not established incompetence under the first prong of Strickland based on his unsupported allegations that Attorney Goldstein coerced into pleading no contest. Again, it is unnecessary for a federal court considering an IAC claim to address the prejudice prong of the Strickland test if Petitioner cannot establish incompetence under the first prong. See Siripongs, 133 F.3d at 737. Accordingly, Petitioner is not entitled to habeas relief on this ground of his IAC claim either.

### C.   POST-PLEA CLAIMS RELATING TO WENDE PROCEDURE

Petitioner contends that he was denied his Sixth Amendment right to counsel because the state appellate court reviewed his appeal under People v. Wende, 25 Cal.3d 436 (1979). Dkt. 2 at 5. If appellate counsel files a Wende "no issue" brief (i.e., a brief stating that there are no issues to form the basis of an appeal), the defendant/appellant is afforded an opportunity to file a pro se supplemental appellate brief. Id. at 441-42. Here, Petitioner contends that his counsel was ineffective for failing to file a merits-based brief, and that the state appellate court erroneously denied his request for additional time to file a supplemental brief and for appointment of additional counsel. Id.

#### 1.   Applicable Federal Law

The Supreme Court has held that California's Wende procedure does not violate the Fourteenth Amendment because it provides indigent criminal defendants sufficient safeguards to render their appeal adequate and effective. See Smith, 528 U.S. at 276. Under the state's procedures, when appellate counsel submits a Wende brief, appellants are notified of their opportunity to file a pro se supplemental brief.

It is axiomatic that a supplemental brief is always filed pro se. Hebbe v. Pliler, 627 F.3d 338, 343 (9th Cir. 2010) ("[T]he California Court of Appeal correctly advised [appellant] of his right to file, pro se, a supplemental appellate brief."); Smith, 528 U.S. at 265, ("informed the client of his right to file a pro se supplemental brief"). Furthermore, although California state law permits filing a pro se supplemental brief when counsel has filed a Wende brief, there is no federal constitutional right to file such a brief. See

United States District Court
Northern District of California

McMeans v. Brigano, 228 F.3d 674, 684 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001); Nelson v. Lackner, 2013 WL 6178544, at *12-*13 (E.D. Cal. Nov. 22, 2013).  In its review of California's Wende procedure, the Supreme Court added; "[f]or although, under Douglas [v. California, 372 U.S. 353, 357 (1963)], indigents generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal."  Smith, 528 U.S. at 278 (citing McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 436-438 (1988); see also  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").

## 2.    Analysis

The Court finds no merit to Petitioner's complaints regarding the state appellate court's application of the Wende procedure.

First, Petitioner cannot assert a constitutional violation simply because the Wende procedure was employed.  See Smith, 528 U.S. at 284 (upholding the constitutionality of California's Wende procedure as affording "adequate and effective appellate review" for indigent criminal defendants).

Second, the record does not support Petitioner's claim that the state appellate court denied his request for additional time to file a supplemental brief.  The state appellate court noted: "Sufficient additional time was given [to] defendant to file any supplemental brief. He has not done so."  Answer, Ex. 10 at 2.   Petitioner has not controverted that finding. Therefore, there is no merit to Petitioner's claim that he was not granted additional time.

Third, the Court finds no merit to Petitioner's claim that his Sixth Amendment right was violated by the state appellate court's denial of his request for additional counsel to file a supplemental brief.[15]  After a Wende brief is filed, as explained above, an appellant

---

[15] To the extent Petitioner is arguing that he received ineffective assistance of appellate counsel, this claim also fails.  The record shows that Petitioner was appointed competent appellate counsel, who successfully raised and remedied an error dealing with conduct credits.  Answer, Ex. 5 at 2; Ex. 10 at 3.

is allowed to file a *pro se* supplemental brief.  See Hebbe, 627 F.3d at 343; Smith, 528 U.S. at 265.  Based on the pro se status requirement to file a supplemental brief, it was reasonable for the state appellate court to deny Petitioner's request for an attorney to aid him in filing such a brief.  In addition, even in the absence of a pro se status requirement, there is no constitutional right to file a supplemental brief.  See McMeans, 228 F.3d at 684.  Thus, it follows that there is no constitutional right to have an appointed attorney to assist an appellant in filing such a brief.  In fact, as mentioned above–aside from the right to counsel on a first appeal–there is no constitutional right to an attorney in any other state post-conviction proceedings.  See Coleman v. Thompson, 501 U.S. 722, 755-57 (1991) (no right to counsel on appeal from state habeas trial court judgment); Finley, 481 U.S. at 556 (no right to counsel in state collateral proceedings after exhaustion of direct appellate review); Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (no right to counsel when pursuing discretionary state appeal).  Therefore, the Court finds no merit to Petitioner's claim that the state appellate court erred in denying his request to appoint additional counsel to file a supplemental brief.

Accordingly, Petitioner is not entitled to habeas relief on his claim relating to the Wende procedure.[16]

## V.   **CERTIFICATE OF APPEALABILITY**

No certificate of appealability is warranted in this case.  For the reasons set out above, jurists of reason would not find this Court's denial of Petitioner's claims debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the

---

[16] The Court finds unavailing Petitioner's reliance on Bounds v. Smith, 430 U.S. 817, 828 (1977) to support his claim relating to the Wende procedure.  Dkt. 2 at 5.  In Bounds, the Supreme Court held the Constitution requires inmates to have meaningful access to the courts.  See 430 U.S. at 831.  However, here, Petitioner does *not* claim that he was denied access to prison resources, such as the prison law library, which could have hampered his efforts to file a pro se supplemental brief.

United States District Court
Northern District of California

Ninth Circuit under Rule 22 of the Federal Rules of Appellate Procedure.  See Rule 11(a) of the Rules Governing Section 2254 Cases.

## VI.    CONCLUSION

For the reasons stated above, notwithstanding the exhaustion requirement, Petitioner's claims are without merit and accordingly,

IT IS HEREBY ORDERED THAT:

1.    The Petition for Writ of Habeas Corpus is DENIED as to all claims, and a certificate of appealability will not issue.  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

2.    The Clerk of the Court shall enter judgment, terminate any pending motions, and close the file.

IT IS SO ORDERED.

Dated:  9/10/14

SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
Northern District of California